[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR DISQUALIFICATION(MOTION DATED SEPTEMBER 1, 1995, DOCKET ENTRYNO. 112) AND OBJECTION THERETO DATED SEPTEMBER 27, 1995
The plaintiff has moved to have defendant's counsel disqualified from this legal proceeding. This motion was heard by the court on September 27 and October 6, 1995. Briefs were thereafter filed by the plaintiff on October 13, by the defendant on October 19, 1995 and the plaintiff by way of response on October 25, 1995.
On January 3, 1994, a decree of legal separation was entered in this matter, the parties having entered into a written agreement on November 29, 1993. On July 13, 1994, the plaintiff moved to open and set aside the judgment claiming fraud and more recently claiming duress. Both parties also have applications to convert the judgment of legal separation to a judgment of dissolution of marriage. The plaintiff has also filed a dissolution proceeding which has been stayed. (See this court's Memorandum of Decision dated November 2, 1994, docket entry no. 108.) CT Page 13882
The plaintiff's motion alleges three reasons for the disqualification of defendant's counsel:
1. Defendant's counsel and at least one other member of his firm will be necessary witnesses upon the trial of this matter.
2. Another member of defendant's counsel's firm represented the defendant in an estate planning matter and because of the nature of the matter, in effect, represented the plaintiff prior to the commencement of the legal separation proceeding in violation of Rule 1.9 of the Rules of Professional Conduct.
3. Defendant's counsel, another attorney, and the defendant each own a one third interest in a corporation owning an airplane which fact was not disclosed to the trier at the time of trial.
While this litigation was commenced on January 23, 1993, the first time this issue of disqualification was raised was in September, 1995. During all of this period of time, defendant was represented by his present counsel.
Trial of this matter was scheduled for September 19, 1995 when, defendant's counsel argues, the motion was filed "on the eve of trial." The dates of the motion and scheduled trial date speak for themselves.
The plaintiff, as in most matters, has the burden of proving the allegations of her motion. The plaintiff seriously overstates the facts in her memorandum dated October 13, 1995. The facts are essentially as stated in the defendant's memorandum dated October 19, 1995.
The plaintiff presented two witnesses in support of her motion, Attorneys Richard J. DiMarco and Richard L. Albrecht, both attorneys with the law firm of Cohen Wolf. The defendant offered the deposition of the plaintiff with exhibits. The hearing took the major portion of two days.
Based upon the evidence presented, the court finds as follows:
Attorney DiMarco represented the defendant only in establishing the Philip Marsillio Family Limited Partnership with CT Page 13883 the defendant as the general partner and trusts for his two minor children as limited partners. The partnership acquired real property on Fairfield Beach Road in Fairfield. A trust instrument for each of the parties' minor children was prepared and the defendant's brother was named as Trustee. Appropriate letters were prepared to evidence the gifts to the children and to satisfy the gift tax requirements. Attorney DiMarco never met the plaintiff, did not represent her and had no communication with her. Rule 1.9 of the Rules of Professional Conduct does not apply. There was no prior representation of the plaintiff.
The plaintiff has failed to present evidence that the attorney representing the defendant acquired any information relating to the plaintiff's financial situation or any other confidential information pertaining to the plaintiff through Mr. DiMarco's work done for the defendant.
The plaintiff has failed, also, to demonstrate that either of the attorneys of the law firm representing the defendant will be necessary witnesses in further proceedings in this matter. Attorney DiMarco's involvement was entirely for the defendant with regard to the family partnership and trusts for the parties' daughters. Attorney Albrecht's involvement when it included the plaintiff was in conferences in which the plaintiff, her former counsel, and the defendant were present. His testimony is not, therefore, necessary testimony to assist the plaintiff in her evidence.
Finally, as to the plaintiff's third claim of disqualification, the plaintiff testified in her deposition that she knew the defendant and his attorney owned an airplane together. She testified that she had met the defendant's attorney socially prior to the commencement of her action for a legal separation and that the firm of Cohen Wolf had never represented her. The plaintiff claims that there was a duty to disclose that Attorney Albrecht had a one-third interest in the airplane along with the defendant's one-third. The defendant's one-third interest was disclosed in his financial affidavit of November 29, 1993.
The plaintiff has failed to supply the court with any authority to support her claim that there was a duty upon defendant or his attorney to disclose this attorney's co-ownership in the airplane. As noted, the plaintiff knew of that co-ownership. The court knows of no rule that says that an CT Page 13884 attorney and his client may not own property together.
The plaintiff has failed to sustain her burden of proof on her motion for disqualification. The motion for disqualification is denied. The defendant's objection to the motion for disqualification is sustained
EDGAR W. BASSICK, III, JUDGE